# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LATINA PEARCE,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND HORTON, JANINE LEPAGE, CHARLES HALVERSON, ELI LOVEN,<br><br>Defendants. | Case No. 17-cv-0048 (DWF/LIB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is presently before the Court for review of Plaintiff Latina Pearce's *pro se* Application to Proceed Without Prepaying Fees or Costs, [Docket No. 2]. On February 17, 2017, this Court issued an Order noting, in part, that Pearce appeared to be seeking to have this Court overturn a state court order which terminated her parental rights. (Order, [Docket No. 5], 3). Accordingly, the Court ordered Pearce to (1) file an amended complaint to clarify her claims against the named Defendants, and (2) file a memorandum and affidavit explaining why this action should not be dismissed for lack of subject matter jurisdiction. (Id. at 3-5). Pearce has filed her Amended Complaint, Memorandum of Law, and Affidavit, [Docket Nos. 6-9], and her Application is once again before the Court. For the reasons discussed below, this Court recommends that Pearce's Application to Proceed Without Prepaying Fees or Costs, [Docket No. 2], be denied and this action be dismissed for lack of subject matter jurisdiction.

In February 2016, a Minnesota state district court terminated Pearce's parental rights to her seven minor children. (See, [Docket No. 3-3], 12). That order was upheld by the Minnesota Court of Appeals. In the Matter of the Welfare of the Children of L.T.P. and L.V.J., Parents,

Nos. A16-0532 and A16-0616, 2016 WL 6141665 (Minn. Ct. App. Oct. 24, 2016) (unpublished); see, also ([Docket No. 3-2], 31-55). The Minnesota Supreme Court subsequently denied Pearce's untimely petition for review. ([Docket No. 3-2], 73-74]).

Pearce clearly believes that the state termination proceedings were flawed,[1] and she specifically asks this Court to overturn the Minnesota state court's termination of her parental rights. (Amend. Compl., [Docket No. 6], 6). In her Amended Complaint, she names as defendants the guardian ad litem and the attorneys who represented other parties in the Minnesota state court proceedings. (Id. at 1); see, also, [Docket No. 3-3], 6). In addition, Pearce's Amended Complaint still specifically seeks to have the "termination of [her parental] rights overturned" and asks this Court to determine whether the Minnesota state district court terminated her parental rights "according to law." (Amend. Compl., [Docket No. 6], 4, 6).

As explained in this Court's February 17, 2017, Order, under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over cases where a plaintiff seeks to have a state court decision that was decided against him or her overturned. See, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "Federal district courts. . . are empowered to exercise original, not appellate, jurisdiction." Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). Federal courts therefore do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284; see also Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011) (federal district courts lack subject matter jurisdiction over claims that are "essentially appeals from state-court

---

[1] In her Amended Complaint, Pearce alleges that she had "no legal representation" during her trial but the Minnesota Court of Appeals has affirmed the district court's conclusion that Pearce voluntarily and intelligently waived her right to counsel. ([Docket No. 3-3], 18-20).

judgments masked as a § 1983 action, brought by state-court losers, and filed after the state court rendered its judgments"). A plaintiff who has lost in state court "may not recast those claims under section 1983 and try again. He must follow the appellate procedure through the state courts and seek review before the Supreme Court." Prince v. Ark. Bd. of Examiners, 380 F.3d 337, 340 (8th Cir. 2004). The Eighth Circuit has recently emphasized that the key to the Rooker-Feldman doctrine is whether a state-court loser is "'*inviting district court review and rejection*'" of a state court judgment. (Emphasis in original.) Hageman, 817 F.3d at 615 (quoting Banks v. Slay, 789 F.3d 919, 922 (8th Cir. 2015), which quoted Exxon Mobil, 544 U.S. at 284)).

As set forth above, this Court specifically informed Pearce in its February 17, 2017, Order that it does not have subject matter jurisdiction over this case if Pearce seeks to have the Minnesota state court decision that was decided against her overturned. ([Docket No. 5], 3). The Court then ordered Pearce to file (in addition to her Amended Complaint) an affidavit and memorandum clarifying her claims and explaining why this case should not be dismissed for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. (Id. at 4).

In the Affidavit Pearce submitted to this Court, she disputes certain facts about the events leading up to the termination of her parental rights, but she does not address subject-matter jurisdiction. (Affidavit, [Docket No. 8]). Similarly, in her Memorandum of Law, Pearce asserts that the Defendants herein violated Federal Rule of Evidence 103, which is the Rule that addresses "Rulings on Evidence," but does not assert any argument as to why this case should not be dismissed for lack of subject-matter jurisdiction. (Mem., [Docket No. 7]).

Although Pearce alleges in her Amended Complaint that her parental rights were terminated due to false accusations by Defendants,[2] the source of Pearce's alleged injury is the

---
[2] Pearce's Amended Complaint appears to claim that Defendants made several false accusations which formed the basis for the termination of her parental rights. This Court does not attempt to decipher these allegations but notes

Minnesota state court decision itself. Pearce explicitly asks this Court to overturn the termination of her parental rights and review the Minnesota state court's decision to determine whether it was made "according to law." (Amend. Compl., [Docket No. 6], 4, 6). In order to grant such relief, this Court would have to determine the findings of fact and conclusions of law made by the Minnesota state court were incorrect and then reverse or void the Minnesota state court ruling terminating Pearce's rights. Under the Rooker-Feldman doctrine, this is not the domain of a federal district court. See, Turner v. Pennington Cty., No. 15-cv-1186 (JNE/RLE), 2005 WL 1706095 (D. Minn. June 22, 2005) (denying application to proceed *in forma pauperis* and summarily dismissing action challenging termination of parental rights as being decided based on false allegations and coercion, noting that overturning the termination of the plaintiff's parental rights in state district court was "clearly barred" by the Rooker-Feldman doctrine).

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3); Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991) ("[s]ubject matter jurisdiction... is a threshold requirement which must be assured in every federal case"). Because the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction over Pearce's claims, this action must be dismissed. It follows that Plaintiff's application to proceed without prepayment of fees should be denied. See 28 U.S.C. § 1915(e)(2)(B).

**CONCLUSION**

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

---

that the claims appear "inextricably intertwined" with the state court decision that Pearce unequivocally seeks to have this Court overturn. Feldman, 460 U.S. at 486-87.

1. Plaintiff's Application to Proceed Without Prepayment of Fees, [Docket No. 2], be **DENIED**; and

2. This action be **DISMISSED** with prejudice for lack of subject matter jurisdiction.

Dated: May2, 2017

                                     s/Leo I. Brisbois_____
                                     Leo I. Brisbois
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.